UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

JOSE MARTIN SISILIANO-LOPEZ, :
    Petitioner :
     :
    v. : CASE NO. 1:16-CV-1793
     :
CRAIG A. LOWE, *et al.*, :
    Respondents :

*O R D E R*

AND NOW, this 22nd day of August, 2017, upon consideration of Magistrate Judge Martin C. Carlson's thorough and well-reasoned Report and Recommendation (Doc. 19), and after independent review of Petitioner Jose Martin Sisiliano-Lopez's Petition (Doc. 1) for habeas corpus, and upon consideration of the parties' objections and briefing (Docs. 21-24) to Judge Carlson's Report, it is ORDERED that:

1. The Report and Recommendation is ADOPTED as modified by this order.

2. For the reasons given in the court's opinions in Mendoza-Ordonez v. Lowe, No. 1:16-CV-1777, __ F. Supp. 3d __, 2017 WL 3172739 (M.D. Pa. July 26, 2017) (Caldwell, J.), and Rafael Ignacio v. Sabol, No. 1:15-CV-2423, 2016 WL 4988056 (M.D. Pa. Sept. 19, 2016) (Caldwell, J.), appeal docketed sub. nom., Guerrero-Sanchez v. Sabol, No. 16-4134 (3rd Cir. Nov. 17, 2016), and because both parties have filed similar objections to those that the court considered in Mendoza-Ordonez, we will SUSTAIN Petitioner's objections (Doc. 21) to the Report and Recommendation,[1] and will

---

[1] Petitioner objects to Judge Carlson's Report, requesting that Respondents be required to prove by clear and convincing evidence that Petitioner's continued detention is necessary to fulfill the purposes of the detention statute. (Doc. 22 at 1). We will sustain the objection. See Mendoza-Ordonez, __ F. Supp. 3d __, at __, 2017 WL 3172739, at *9 ("As is consistent with our prior opinions on the subject, we will order an individualized bond hearing to be held before an IJ within twenty-one days of this court's memorandum and opinion; at that bond hearing, the Government will be required to produce 'clear and convincing evidence' for justifying the necessity of [Petitioner's] continued detention." (citing Guerrero Sanchez v. Sabol, No. 1:15-CV-2423, 2017 WL 569176, at *2 (M.D. Pa. Feb. 13, 2017) (Caldwell, J.))).

> OVERRULE Respondents' objections (Doc. 23) to the Report and Recommendation.[2]

3. The petition for a writ of habeas corpus (Doc. 1) is GRANTED.

4. Within twenty-one (21) days of this order, an immigration judge shall afford Petitioner an individualized bond hearing. At this hearing, the immigration judge must make an individualized inquiry into whether detention is still necessary for the purposes of ensuring that Petitioner attends his withholding of removal proceedings and that his release will not pose a danger to the community. See Chavez- Alvarez v. Warden York Cty. Prison, 783 F.3d 469, 475 (3d Cir. 2015). Further, the government bears the burden of proving by clear and convincing evidence at this hearing that Petitioner's continued detention is necessary to fulfill the purposes of the detention statute. See Diop v. ICE/Homeland Sec., 656 F.3d

---

[2] In their objections to the Report, Respondents urge that we "should not consider [ourselves] bound to [our] prior decisions" in Mendoza-Ordonez or Ignacio. (Doc. 24 at 13). Respondents have not presented us with sufficient reason to depart from our decisions in those cases. Rather, Respondents raise the same arguments in their objections as were presented to us in Mendoza-Ordonez, namely that Petitioner is detained under 8 U.S.C. § 1231 because he has a reinstated order of removal, and that corresponding regulations "make clear that § 1231 applies here." Compare (Doc. 24 at 2), with Mendoza-Ordonez, 2017 WL 3172739, at *6. For the reasons given in Mendoza-Ordonez and Ignacio, we disagree with Respondents and find that Petitioner's detention falls under 8 U.S.C. § 1226, so as to be entitled to an individualized bond determination. See id. at *5-6 ("In Ignacio, this court, agreeing with the Second Circuit's decision in [Guerra v. Shanahan, 831 F.3d 59 (2d Cir. 2016)], concluded that § 1226 was 'the more logical source of authorization for the detention of aliens currently in withholding-only proceedings.' . . . We reject the Government's contentions that detention should fall under § 1231, as those arguments merely disagree with this court's recent opinion in Ignacio. Contrary to the Government's suggestion, this court, in deciding Ignacio, thoroughly examined the statutes and regulations at issue. . . . We will not reverse course from our Ignacio decision, which is being litigated in the Third Circuit. Accordingly, we find that because [Petitioner] is in ongoing withholding-of-removal proceedings, and because the Third Circuit has stayed his removal, his detention is subject to § 1226." (quoting Ignacio, 2016 WL 4988056, at *4)). Because we find that Petitioner's detention falls under § 1226, we need not address Judge Carlson's alternative finding under § 1231 that "even when this case is assessed under the [Zadvydas v. Davis, 533 U.S. 678 (2001)] analytical model, . . . an individualized bond hearing is still necessary." (Doc. 19 at 15). However, because Respondents object to the Report on this point, arguing that Petitioner's "detention is lawful under Zadvydas," (Doc. 24 at 12), we note our agreement with Judge Carlson's assessment that: "[T]he past history of these removal proceedings has led to a prolonged, two year period of detention without any individualized bond consideration. Moreover, the future course of these removal proceedings, and the prospects for the removal of the [P]etitioner in the reasonably foreseeable future, are all subject to a number of vagaries and contingencies. The duration of this past detention, and the present uncertainties regarding the course of these removal proceedings, combine to satisfy the [P]etitioner's burden of proof entitling him to a bond hearing[.]" (Doc. 19 at 15).

221, 233 (3d Cir. 2011); see also Mendoza-Ordonez, 2017 WL 3172739, at *9.

5. The parties shall report to this court on the outcome of the individualized bond determination no later than three (3) days after the immigration judge's hearing and decision.

6. If the immigration judge does not hold an individualized bond hearing consistent with the legal benchmarks outlined in Mendoza-Ordonez and Ignacio, the court retains jurisdiction and may consider conducting its own bond determination under the standards governing bail in habeas corpus proceedings, at a date and location to be determined.

/s/ William W. Caldwell
William W. Caldwell
United States District Judge